■ In the Matter of LISA HARBATKIN, Appellant, v NEW YORK CITY DEPARTMENT OF RECORDS AND INFORMATION SERVICES et al., Respondents. [924 NYS2d 80]—

Order and judgment (one paper), Supreme Court, New York County (Marylin G. Diamond, J.), entered March 18, 2010, which denied a petition pursuant to the Freedom of Information Law (Public Officers Law §§ 84-90) for a judgment compelling respondent New York City Department of Records and Information to grant unrestricted access to records related to the Board of Education's "anti-Communist investigation," unanimously affirmed, without costs.

Respondents granted petitioner access to all of the records in

their possession regarding the Board of Education's multi-decade "anti-Communist" investigation, subject only to the condition that she not publish the names appearing in the "restricted files." Petitioner filed the instant petition, seeking unrestricted access pursuant to the Freedom of Information Law (FOIL).

The trial court erred with regard to the applicability of the exemption from disclosure for "information of a personal nature reported in confidence to an agency and not relevant to the ordinary work of such agency" (Public Officers Law § 89 [2] [b] [v]). Construing the exemption narrowly (*see Matter of Johnson v New York City Police Dept.*, 257 AD2d 343, 346 [1999], *lv dismissed* 94 NY2d 791 [1999]), we find that transcripts of interviews regarding Communist Party membership, which the lead interrogator explicitly reminded schoolteacher-interviewees was sufficient basis for termination of employment, cannot be fairly characterized as "not relevant" to the work of the Board of Education.

Nevertheless, we agree with the trial court's conclusion that the privacy interests of the surviving subjects of the investigation and their relatives (*see Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477 [2005]) outweigh petitioner's interest in being able to publish the names of teachers contained in the records at issue.

Petitioner also argues that the Rules of City of New York Department of Records and Information Services (49 RCNY) § 3-02, which is specifically addressed to standards for access to the "restricted files" in the anti-Communist records, violates her state and federal constitutional rights to free speech. We decline to rule on that claim. The court below decided the petition purely on FOIL grounds. Therefore, any ruling on petitioner's constitutional claim would be merely advisory (*see New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 529-530 [1977]).

Accordingly, the petition was properly denied. Concur—Mazzarelli, J.P., Friedman, Catterson and Manzanet-Daniels, JJ.